Ralph W. Selitto, Jr., Esq. (RS-4389)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4056
(973) 622-4444, ext. 4507


Attorneys for Plaintiffs
    HAYWARD INDUSTRIES, INC. and
    H-TECH, INC.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC. and H-TECH, INC.<br>    Plaintiffs,<br>vs.<br><br>JET STREAM HOT TUB FILTERS, LLC d/b/a X-STREAM HOT TUB FILTERS, LLC<br>    Defendant. | CIVIL ACTION NO._____<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, UNJUST ENRICHMENT, VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT AND RELATED STATE AND COMMON LAW CAUSES OF ACTION |

    Plaintiffs Hayward Industries, Inc. and H-Tech, Inc., by their attorneys, McCarter & English, LLP, for their complaint against Defendant Jet Stream Hot Tub Filters, LLC d/b/a X-Stream Hot Tub Filters, LLC, allege as follows:

## PARTIES

1.  Plaintiff Hayward Industries, Inc. ("Hayward") is a New Jersey Corporation with offices located at 620 Division Street, Elizabeth, New Jersey 07207.

2.  Plaintiff H-Tech, Inc. ("H-Tech") is a Delaware corporation with offices located at 103 Springer Building, 3411 Silverside Road, Wilmington, Delaware 19810 and is a wholly owned subsidiary of Hayward.

3.  Upon information and belief, Defendant, Jet Stream Hot Tub Filters, LLC d/b/a X-Stream Hot Tub Filters, LLC ("Jet Stream"), is a Michigan limited liability company with its principal place of business at 2947A South Seeley Road, Cadillac, Michigan 49601.

## JURISDICTION

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) and (b) and 15 U.S.C. § 1121 over the matters complained of in the First, Second, Third and Fourth Claims for relief, which allege violations of the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§1051, et seq. (The "Lanham Act"). This Court also has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367. This Court has jurisdiction over all claims under 28 U.S.C. §1332, the matter in controversy exceeding $75,000 in value and the controversy being between citizens of different states.

5.  This Court has personal jurisdiction over Defendant due to Defendant's contacts with New Jersey, including the transacting of business in New Jersey with citizens of this state.

## VENUE

6.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(a) and (c) since a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the corporate defendant is subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

### I.   Plaintiffs' XSTREAM Trademark

7.  Hayward manufactures and sells on a worldwide basis swimming pool and spa filters under the trademark XSTREAM.

8.  H-Tech is an intellectual property holding and management company which holds, manages and licenses the trademarks of Hayward, including the aforesaid XSTREAM mark.

9.  On July 1, 2004, H-Tech filed with the United States Patent and Trademark Office ("USPTO") a trademark application for the XSTREAM mark, which has been assigned Serial No. 78/444,423. This application was based upon Hayward's bona fide intent to use the XSTREAM mark for "swimming pool filters," in Class 11. On November 3, 2005, H-Tech submitted to the USPTO an Amendment to Allege Use and a required specimen demonstrating trademark use in connection with the application. The application was approved for registration by the USPTO and the XSTREAM mark will be registered on the USPTO's Principal Register in due course.

10. Since at least as early as November 4, 2004, Hayward has extensively used the mark XSTREAM in commerce in association with its swimming pool and spa filters on a

worldwide basis, and has thereby established widespread consumer recognition as to the source of such products as being Hayward.

11.    As a result of the extensive use, promotion and sales of Hayward's XSTREAM brand of filters, Plaintiffs' XSTREAM mark has become famous and is well known in the swimming pool and spa industry.

**II.    Defendant's Use of the XSTREAM Trademark**

12.    As more fully described below, Defendant Jet Stream is usurping and misappropriating Plaintiffs' reputation and goodwill in their XSTREAM mark for Defendant's own pecuniary gain, and, in the process, is infringing, diluting, tarnishing, disparaging and blurring the Plaintiffs' XSTREAM mark and Plaintiffs' goodwill and reputation associated therewith.

13.    Defendant markets and sells hot tub filters under the XSTREAM mark.

14.    Plaintiffs' swimming pool and spa filters and Defendant's hot tub filters are virtually identical and are competitive, are marketed, distributed and sold in the same channels of trade, and are marketed to and purchased by the same consumers.

15.    On information and belief, Defendant's first use in commerce of the XSTREAM mark in connection with its products commenced subsequent to the filing of H-Tech's U.S. trademark application for its XSTREAM mark and Hayward's date of first use of the XSTREAM mark in commerce for its swimming pool and spa filters.

16.    On or about October 8, 2004, Jeffrey Miller, who upon information and belief is a principal, owner, shareholder, employee and/or agent of Defendant, on behalf of Defendant, without Plaintiffs' knowledge or permission, registered the domain name XSTREAMFILTER.COM with Melbourne IT, Ltd. d/b/a Internet Names Worldwide.

17. The second level component of Defendant's domain name XSTREAMFILTER.COM contains a first element that is identical to Plaintiffs' XSTREAM mark, i.e., "XSTREAM," and a second element that describes the goods used in connection with Plaintiffs' XSTREAM mark, i.e., "FILTER."

18. Defendant's website accessed by the domain name XSTREAMFILTER.COM advertises and promotes its XSTREAM hot tub filters and provides information for consumers to order such products.

19. When Plaintiffs became aware of Defendant's use of the XSTREAM mark and its registration and use of the domain name XSTREAMFILTER.COM, Plaintiffs' attorney contacted Defendant to request that it discontinue use of the XSTREAM mark and use and registration of the domain name. Defendant refused to do so.

20. Notwithstanding Plaintiffs' demand to Defendant that it cease and desist use of the XSTREAM mark and the domain name XSTREAMFILTER.COM, Defendant continues to use the XSTREAM mark and retain and use the domain name to cause consumer confusion.

21. Defendant's use of Plaintiffs' trademark and goodwill in an unauthorized, deceptive manner has independently and cumulatively had the effect of confusing consumers as to the affiliation or sponsorship of Defendant with/by Hayward.

### FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under Section 32(1)
of the Lanham Act, 15 U.S.C. Section 1114(1))**

22. Plaintiffs repeat and reallege Paragraphs 1 through 21.

23. The use by Defendant of the XSTREAM mark and the domain name XSTREAMFILTER.COM in connection with its hot tub filters is likely to cause confusion, to cause mistake, and to deceive the consuming public.

24. On information and belief, Defendant's acts are calculated to deceive and do deceive the public into purchasing and accepting Defendant's products in the mistaken belief that they are sponsored by, connected with, or associated with or produced under the supervision of Plaintiffs.

25. Defendant's acts have been and are committed with the fraudulent intent and purpose of appropriating Plaintiffs' goodwill and to profit from Plaintiffs' trademark.

26. Defendant's acts tend to dilute and reduce the value of Plaintiffs' goodwill and tend to destroy the association between Plaintiffs' products and the XSTREAM mark.

27. Defendant, by selecting, registering and using the domain name XSTREAMFILTER.COM intends to divert consumers seeking Hayward's products on the Internet, to Defendant's commercial gain, and to Hayward's commercial detriment, and has realized this intended objective. Defendant has designed a scheme that targets and confuses Internet users who search for the trademark XSTREAM.

28. Defendant's use of the XSTREAM mark and the domain name XSTREAMFILTER.COM has caused serious and irreparable damage to Plaintiffs, and unless Defendant is enjoined from continuing its willful and wrongful acts, Plaintiff will continue to be immediately and irreparably injured. Plaintiff has no adequate remedy at law.

29. Defendant's use of the XSTREAM mark and the domain name XSTREAMFILTER.COM constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114.

30. Defendant knew, or should have known, of Plaintiffs' XSTREAM mark before and during their use of the XSTREAM mark and registration and use of XSTREAMFILTER.COM and has, therefore, willfully infringed this trademark.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition Under Section 43(a) Of the Lanham Act, 15 U.S.C. § 1125(a))

31. Plaintiffs repeat and reallege Paragraphs 1 through 30.

32. The acts of Defendant complained of herein constitute a false representation as to the source of its goods and a false designation of origin, deception as to the affiliation, source or sponsorship of the Defendant internet site and unfair competition in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendant acted with the intention of causing confusion, mistake or deception as to the affiliation, source or sponsorship of its internet site, and of misappropriating the goodwill associated with Plaintiffs' trademark, to profit thereby, to the detriment of Plaintiffs.

## THIRD CLAIM FOR RELIEF

### (Dilution of Trademarks Under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c))

34. Plaintiffs repeat and reallege Paragraphs 1 through 33.

35. Plaintiffs' XSTREAM trademark has acquired a strong recognition in the marketplace as a result of its extensive use, advertising and publicity.

36. Defendant's unauthorized and commercial use of Plaintiffs' XSTREAM mark tends to, and does, dilute, tarnish and blur its distinctive quality and is diminishing and will destroy the public association of said trademark with Plaintiffs in violation of 15 U.S.C. §1125(c).

### FOURTH CLAIM FOR RELIEF

### (Violation of the Anticybersquatting Consumer Protection Act §43(d)(1)(A) of the Lanham Act, 15 U.S.C. §1125(d)(1)(A))

37. Plaintiffs repeat and reallege Paragraphs 1 through 36.

38. Defendant has, with bad faith intent to profit from Plaintiffs' XSTREAM trademark, registered a domain name, the primary portion of which is identical to Plaintiffs' mark.

39. Plaintiffs' XSTREAM trademark is famous and Defendant's domain name XSTREAMFILTER.COM is confusingly similar to and dilutive of Plaintiffs' trademark.

40. Defendant has no intellectual property rights in the domain name XSTREAMFILTER.COM.

41. Defendant had, and continues to have, an intent to divert consumers from Plaintiffs to Defendant's website for the purpose of commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site by Plaintiffs.

42. In addition to an injunction, profits, damages and costs, triple damages and attorneys fees, Plaintiffs are entitled to the transfer of the domain name XSTREAMFILTER.COM to Plaintiffs.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under N.J.S. §56:4-1 et seq.)

43. Plaintiffs repeat and reallege Paragraphs 1 through 44.

44. Defendant's acts as described above unfairly appropriate Plaintiffs' XSTREAM mark, reputation and goodwill, and constitute, among other things, unfair competition, infringement, palming off, dilution, and unfair and deceptive business practices, in violation of N.J.S. §56:4-1 et seq.

45. Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

46. Plaintiffs' repeat and reallege Paragraphs 1 through 45.

47. The acts of Defendant complained of herein constitute trademark infringement under the common law of the State of New Jersey.

48. Defendant has acted willfully and with the intention and likely result of confusing, misleading, and deceiving consumers, and has intentionally and willfully misappropriated the goodwill belonging to Plaintiffs' trademark and products.

49. The acts of Defendant complained of herein, including inter alia, its unauthorized use of Plaintiffs' XSTREAM mark constitute willful infringement of Plaintiffs' property rights, in violation of New Jersey common law.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

50.     Plaintiffs repeat and reallege Paragraphs 1 through 49.

51.     The acts of Defendant complained of herein constitute unfair competition under the common law of the State of New Jersey.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     That Defendant, its agents, servants, employees, licensees, attorneys, subsidiaries, related companies and all persons acting for, with, by, through, or under them, and each of them, be enjoined, during the pendency of this action and permanently thereafter, from:

1.     using the XSTREAM mark, or any other word, symbol, symbols, phrase or term confusingly similar thereto in promotional material, advertisements, packaging or in any other way in connection with the advertising, distribution, offering for sale or sale of any swimming pool, spa, hot tub, and whirlpool products and other related products and services;

2.     using, advertising, and promoting the domain name XSTREAMFILTER.COM;

3.     otherwise advertising, promoting, distributing, offering for sale, selling or using any mark or domain name in any manner that dilutes and/or is likely to cause confusion with Plaintiffs' trademarks, or misrepresenting or suggesting sponsorship or affiliation with Defendant by/with Plaintiffs.

B.     That Defendant be required to deliver up for destruction and to destroy all signs, containers, packages, labels, literature, catalogs, advertising materials and the like bearing the

XSTREAM mark, or any word or mark confusingly similar thereto in association with goods not emanating from or authorized by Plaintiffs.

C. That Defendant take all steps necessary to convey the domain name XSTREAMFILTER.COM to Plaintiffs.

D. That Defendant pay to Plaintiffs (a) all gains, profits or advantages derived by Defendant from the violations of Plaintiffs' rights, (b) such damages as Plaintiffs have sustained in consequence of such violations, and (c) treble damages for willful infringement;

E. That the Court award Plaintiffs their attorneys' fees and costs incurred in this action; and

F. That the Court award to the Plaintiffs such other and further relief that the Court deems just and proper.

Dated: 1/23/06                    By: _____
                                  Ralph W. Selitto, Jr.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
(973) 622-4444, ext. 4507

Attorneys for Plaintiffs
HAYWARD INDUSTRIES, INC. and
H-TECH, INC.

ME1\5367728.2