UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC. and H-TECH, INC.<br>　　　　　　　Plaintiffs,<br>　　vs.<br><br><br>JET STREAM HOT TUB FILTERS, LLC d/b/a X-STREAM HOT TUB FILTERS, LLC<br>　　　　　　　Defendant. | CIVIL ACTION NO. 06-0334 (JAP)<br><br>**<u>ORDER FOR DEFAULT JUDGMENT</u>** |

THIS MATTER having been opened to the Court by Plaintiffs, Hayward Industries, Inc. and H-Tech, Inc., by their counsel, and notice having been given to Defendant, and the Court having considered the moving papers and the argument of counsel, and for good cause shown; *for the reasons stated on the record*

IT IS on this 24th day of July, 2006,

ORDERED that that Plaintiff's Motion for Entry of Default Judgment is GRANTED as follows:

1.　　Defendant and its officers, agents, servants, distributors, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with Defendant or on its behalf, are permanently enjoined and restrained from, directly or indirectly:

　　(a)　　Using Plaintiffs' XSTREAM trademark or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks in connection with the manufacture, distribution, sale, advertising, marketing,

and promotion of any hot tub filter, swimming pool, spa, and hot tub products, or similar goods;

(b) Using in any other way any other mark or designation so similar to the XSTREAM trademark of Plaintiffs as to be likely to cause confusion, mistake, or deception;

(c) Falsely designating the origin, sponsorship, or affiliation of Defendant's products;

(d) Otherwise unfairly competing with Plaintiffs in any manner;

(e) Using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of Plaintiffs;

(f) Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure the business of Plaintiffs and the goodwill pertaining thereto; and

(g) Continuing to perform in any manner whatsoever any of the acts complained of in Plaintiffs' Complaint.

2. Defendant shall transfer the domain name registration for XSTREAMFILTER.COM to Plaintiff H-Tech, Inc.

3. Defendant shall deliver up for destruction all products, including but not limited to all hot tub filters, stationary, signs, advertisements, packaging, brochures, promotional materials, labels, tags, stickers, and any other written materials that bear the aforesaid-infringing trademark, together with all plates and other means and materials for making or reproducing the same.

4. Defendant shall to pay to Plaintiffs all of its litigation expenses, including

reasonable attorney's fees and the costs of this action already incurred and reasonably anticipated through the close of this action, in the amount of **$27,011.74.**

5. Defendant shall file with this Court and serve upon Plaintiffs an affidavit setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction no later than ___October 1___, 2006.

**IT IS SO ORDERED**

_____